IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DOROTHY B. MORLEY,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:10-cv-153-DBP<br><br><br><br>Magistrate Judge Dustin B. Pead |

Both parties consented to having a United States Magistrate Judge conduct all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1] Consequently, this case has been assigned to Magistrate Judge Dustin B. Pead pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[2]

Before the court is Dorothy B. Morley's ("Plaintiff") appeal of Michael J. Astrue's ("Commissioner") final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. See 42 U.S.C. §§ 401-434. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary in this case.

---

[1] See docket no. 19.

[2] See docket no. 20.

## PROCEDURAL BACKGROUND

On July 12, 2005, Plaintiff applied for DIB, alleging disability beginning on January 1, 2005.[3] Plaintiff later amended her alleged onset date of disability to June 23, 2005.[4] Plaintiff's application was denied initially and upon reconsideration.[5] On May 26, 2006, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[6] and that hearing was held on September 21, 2007.[7] On November 2, 2007, the ALJ issued a written decision denying Plaintiff's claim for DIB.[8] Subsequently, the Appeals Council remanded the case to the ALJ for further proceedings.[9]

A second hearing was held before the ALJ on December 10, 2008.[10] On May 5, 2009, the ALJ issued a written decision again denying Plaintiff's claim for DIB.[11] On September 25, 2009, the Appeals Council denied Plaintiff's request for review,[12] making the ALJ's decision the

---

[3] See docket no. 10, Administrative Record ("Tr. _____") 77-81.

[4] See Tr. 534.

[5] See Tr. 64-66, 71-73.

[6] See Tr. 63.

[7] See Tr. 531-580.

[8] See Tr. 355-370.

[9] See Tr. 374-378

[10] See Tr. 502-530.

[11] See Tr. 13-28.

[12] See Tr. 7-9.

2

Commissioner's final decision for purposes of judicial review. See 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.

On March 1, 2010, Plaintiff filed her complaint in this case.[13] After receiving an extension of time,[14] the Commissioner filed his answer on June 3, 2010,[15] and the court received the Administrative Record the same day.[16] Plaintiff filed her opening brief on June 15, 2011.[17] The Commissioner filed his responsive brief on July 15, 2011.[18] Plaintiff filed her reply brief on July 29, 2011.[19]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a

---

[13] See docket no. 3.

[14] See docket nos. 4-5.

[15] See docket no. 7.

[16] See docket no. 10.

[17] See docket no. 14.

[18] See docket no. 15.

[19] See docket no. 16.

scintilla, but less than a preponderance." Lax, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." Madrid v. Barnhart, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." Jensen v. Barnhart, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. See 20 C.F.R. § 404.1520(a)(4)(i)-(v); see also Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. See 20 C.F.R. § 404.1520(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the de minimis showing of medical severity, the decision maker proceeds to step three.

Williams, 844 F.2d at 750-51 (quotations and citations omitted); see 20 C.F.R. § 404.1520(a)(4)(i)-(ii).

4

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." Williams, 844 F.2d at 751 (quotations and citations omitted); see 20 C.F.R. § 404.1520(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." Williams, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." Id.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." Id. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." Id.; see 20 C.F.R. § 404.1520(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. § 404.1520(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," id., he is disabled and entitled to benefits.

## ANALYSIS

In support of her claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred: (1) by improperly evaluating the opinions of Plaintiff's treating

physician, (2) in evaluating Plaintiff's credibility, and (3) by failing to comply with the order of the Appeals Council on remand. The court will address each argument in turn.

### I. Medical Opinions

Plaintiff argues that the ALJ erred on remand by improperly rejecting the opinions of Plaintiff's treating physician, Dr. Robert Payne ("Dr. Payne").

> In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for controlling weight. To make this determination, the ALJ . . . must first consider whether the opinion is well[ ]supported by medically acceptable clinical and laboratory diagnostic techniques. If the answer to this question is "no," then the inquiry at this stage is complete. If the ALJ finds that the opinion is well[ ]supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. If the opinion is deficient in either of these respects, then it is not entitled to controlling weight.
>
> Even if a treating physician's opinion is not entitled to controlling weight, treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [20 C.F.R. §] 404.1527. Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.
>
> Under the regulations, the agency rulings, and [Tenth Circuit] case law, an ALJ must give good reasons . . . for the weight assigned to a treating physician's opinion . . . that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight. If the ALJ rejects the

> opinion completely, he must then give specific, legitimate reasons for doing so.

Langley v. Barnhart, 373 F.3d 1116, 1119 (10th Cir. 2004) (quotations and citations omitted) (sixth alteration in original); see also 20 C.F.R. § 404.1527(c).

An ALJ is not required to discuss every factor set forth in the relevant regulations. See Oldham v. Astrue, 509 F.3d 1254, 1257 (10th Cir. 2007) (stating that when an ALJ does not discuss every factor, it "does not prevent this court from according his decision meaningful review"). And, as with other evidentiary matters, when an ALJ is considering medical opinion evidence, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. See, e.g., Rutledge v. Apfel, 230 F.3d 1172, 1174 (10th Cir. 2000); Eggleston v. Bowen, 851 F.2d 1244, 1247 (10th Cir. 1988).

As noted above, Plaintiff argues that the ALJ erred by rejecting the opinions of Dr. Payne. The court disagrees. In rejecting Dr. Payne's opinions, the ALJ relied upon proper factors under the relevant regulations. The ALJ properly relied upon the fact that Dr. Payne's opinions about Plaintiff's limitations due to depression and lower back pain were inconsistent with those of specialists.[20] See 20 C.F.R. § 404.1527(c)(3)-(5). Opinions of specialists are generally given more weight than those of treating or examining sources who are not specialists in a particular field. See 20 C.F.R. § 404.1527(c)(5). The ALJ also properly relied upon the fact that Dr. Payne's opinions about Plaintiff's limitations were inconsistent with other medical evidence in the record. See 20 C.F.R. § 404.1527(c)(3)-(4). The ALJ cited multiple examples of

---

[20] See Tr. 24-26.

7

inconsistencies between other evidence in the record and Dr. Payne's opinions about Plaintiff's limitations due to lower back pain, depression, and fybromyalgia.[21]

To the extent that Plaintiff attempts to reargue the weight of the evidence before the ALJ on this issue, the court emphasizes that it is not this court's role to reweigh the evidence before the ALJ. See Madrid, 447 F.3d at 790. Indeed, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. See, e.g., Rutledge, 230 F.3d at 1174; Eggleston, 851 F.2d at 1247. From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions. See Oldham, 509 F.3d at 1257 (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)).

Based on the foregoing, the court concludes that the ALJ did not err in his treatment of the opinions of Dr. Payne.

## II. Credibility

Plaintiff argues that the ALJ erred in evaluating the credibility of Plaintiff's subjective complaints. In general, "[c]redibility determinations are peculiarly the province of the finder of fact, and [this court] will not upset such determinations when supported by substantial evidence." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (quotations and citation omitted). Although credibility determinations "should be closely and affirmatively linked to substantial evidence,"

---

[21] See id.

id. (quotations and citation omitted), they "do[] not require a formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

Social Security Ruling ("SSR") 96-7p clarifies the standards an ALJ must apply when evaluating the credibility of an individual's statements, including his or her allegations of pain. See SSR 96-7p. In addition to the objective medical evidence, an ALJ should consider the following factors when assessing the credibility of an individual's statements:

1. The individual's daily activities;
2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
3. Factors that precipitate and aggravate the symptoms;
4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

Id.; see 20 C.F.R. § 404.1529(c); see also Thompson v. Sullivan, 987 F.2d 1482, 1489 (10th Cir. 1993).

In this case, the ALJ considered proper factors in reaching the determination that Plaintiff's testimony was not fully credible. First, in reaching his credibility determination, the ALJ noted his own observations of Plaintiff at the administrative hearing. The ALJ indicated that Plaintiff demonstrated no symptoms of pain or endurance limitations and seemed to move

about freely without signs of pain.[22] See SSR 96-7p ("In instances where the individual attends an administrative proceeding conducted by the adjudicator, the adjudicator may also consider his or her own recorded observations of the individual as part of the overall evaluation of the credibility of the individual's statements."). Second, the ALJ determined that Plaintiff engaged in activities of daily living that were inconsistent with her subjective complaints. See 20 C.F.R. § 404.1529(c)(3)(i); SSR 96-7p. Specifically, the ALJ noted that Plaintiff could do small household projects for fifteen minutes at a time, leave home or shop for two to three hours, and go out to dinner at a restaurant.[23] Finally, the ALJ properly noted that the record evidence established that the great majority of Plaintiff's medical evaluations demonstrated mild to moderate limitations.[24] See SSR 96-7p.

The ALJ articulated sufficient reasoning and relied upon proper factors in determining that, overall, Plaintiff's testimony was not fully credible. Furthermore, the court concludes that the ALJ's determination is "closely and affirmatively linked to substantial evidence." Kepler, 68 F.3d at 391 (quotations and citation omitted). Accordingly, the court concludes that the ALJ did not err in reaching his determination about Plaintiff's credibility.

---

[22] See Tr. 22-23.

[23] See id.

[24] See Tr. 23-26.

### III. Compliance With Order of Remand

In her final argument, Plaintiff asserts that the ALJ failed to comply with the order of the Appeals Council on remand. In that order, the Appeals Council instructed the ALJ to give further consideration to Plaintiff's RFC by evaluating Plaintiff's treating and examining source opinions.[25] The ALJ was also instructed to further evaluate the credibility Plaintiff's subjective complaints.[26] Above, the court concluded that the ALJ did not err in his treatment of Dr. Payne's opinions or in his assessment of Plaintiff's credibility. Accordingly, Plaintiff's argument on this point fails.

### CONCLUSION AND ORDER

The court concludes that all of Plaintiff's arguments fail. Therefore, IT IS HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED.

IT IS SO ORDERED.

DATED this 10th day of September, 2012.

BY THE COURT:

_____
DUSTIN B. PEAD
United States Magistrate Judge

---

[25] See Tr. 377.

[26] See id.